Kira M. Rubel (CA SBN/ 253970)
**LAW OFFICES OF KIRA M. RUBEL**
555 West Beech Street, Suite 230
San Diego, CA 92101
(800) 836-6531 phone

David P. Schafer (TX SBN/ 00797865) *Pending Admission Pro hac vice*
Brian J. Trenz (TX SBN/24067911) *Pending Admission Pro hac vice*
**LAW OFFICES OF DAVID P. SCHAFER**
2139 N.W. Military HWY, Suite 200
San Antonio, TX 78213
(210) 348-0500 phone
(210) 348-0520 fax

*Attorneys for Plaintiff, JUAN CARLOS MATA*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JUAN CARLOS MATA on behalf of himself and all others similarly situated,**<br><br>    **Plaintiff,**<br><br>vs.<br><br>**VEROS AUTO CREDIT, INC. a/k/a VEROS CREDIT LLC, a/k/a VEROS AUTO CREDIT**<br><br>    **Defendants.** | CASE NO.<br><br>**CLASS ACTION**<br><br>**COMPLAINT for Damages and Injunctive Relief Pursuant To:**<br>**(1) The Telephone Consumer Protection Act, (47 U.S.C § 227** *et seq.***);**<br>**(2)The Fair Debt Collection Practices Act, (15 U.S.C. § 1692** *et seq.***)**<br><br>*Jury Trial Demanded* |

## INTRODUCTION

1.   JUAN CARLOS MATA ("Plaintiff") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from

1

the illegal actions of Defendants, VEROS AUTO CREDIT, Inc. a/k/a VEROS CREDIT, LLC, a/k/a VEROS AUTO CREDIT and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, assigns, and/or related entities (jointly referred to as "Defendants" or "VEROS"), in negligently, and/or willfully, contacting Plaintiff on Plaintiff's cellular telephone without his prior express consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").  Moreover, Plaintiff alleges that he was wrongfully and illegally contacted in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").  Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

2.  Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) of the Class Action Fairness Act ("CAFA") because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendants. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA and statutory damages under the FDCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under CAFA.  This case also alleges claims arising under Federal Statutes, the TCPA and the FDCPA, and therefore jurisdiction is also proper under 28 U.S.C. §1331.

3.  Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391(b)-(c) because Defendants are deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced, and because Defendant's contacts with this district are sufficient to subject it to personal jurisdiction. On information and belief, and investigation by counsel, Plaintiff alleges that VEROS has an office location within

this judicial district.

## PARTIES

4. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of Texas who resides in Lubbock, Texas.

5. Plaintiff is informed and believed, and thereon alleges, that Defendants, VEROS are debt collectors, and at all times mentioned herein were and exist as both a limited liability company and corporation founded under the laws of the State of Delaware, whose primary corporate offices are located at 2333 N. Broadway, Santa Ana, CA 92706 making the Defendants a citizen of California for diversity purposes. Plaintiff alleges that at all times relevant herein Defendants conducted business in the State of California, because the Defendants maintain their business headquarters in Santa Ana, California and also maintains an office in San Diego, at 1455 Frazee Rd. Suite 500.

6. Defendants business is to originate and service prime and subprime automobile loans to car dealerships and their customers in 22 of 50 states.[1] Plaintiff believes that Defendants also service third party loans. In servicing its loan portfolio Defendants perform collection efforts debts by, among other means, making calls to cellular phones.

### THE TELEPHONE CONSUMER PROTECTION ACT (TCPA), 47 U.S.C. § 227

7. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA),[2] in response to a growing number of consumer complaints regarding certain telemarketing practices.

8. The TCPA regulates, among other things, the use of automated telephone

---

[1] This information was found on Defendants' website, http://www.veroscredit.com/index.php/locations/, last visited on December 14, 2015. The site indicates that Defendants are opening markets in four new states as well.
[2] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*

**Class Action Complaint for Damages**

equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[3]

9. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[4]

10. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that debt collection calls made with an autodialer and/or prerecorded voice to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.[5] The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[6]

11. The Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. § 1692

12. Established in 1978, the FDCPA prohibits false, deceptive, misleading, harassing, abusive and offensive conduct during the collection of consumer debts by a debt collector.

13. "Debt Collectors" include any person who uses any instrumentality of interstate commerce (phone, mail, email) in any business, the principal purpose of which is

---

[3] 47 U.S.C. § 227(b)(1)(A)(iii).
[4] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).
[5] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).
[6] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

**Class Action Complaint for Damages**

1  collection of the debts of another. 15 U.S.C. § 1692a(6).

2  14.    Under the FDCPA, specific debt collection practices are made illegal.  A debt
3  collector may not discuss the alleged debt with any third party. 15 U.S.C § 1692b(2).
4  To the extent it is required to do so, the debt collector may only contact a third party
5  *one time* for the purpose of obtaining debtor location information. 15 U.S.C. §
6  1692b(3).  Further, the debt collector cannot contact any consumer if the consumer
7  indicates that he or she is represented by an attorney. 15 U.S.C. § 1692c(a)(2).

8  15.    The FDCPA defines a general prohibition against the use of false, deceptive or
9  misleading collection tactics. Most importantly, a collector's actions are to be
10 interpreted from the perspective of the "least sophisticated consumer." <u>Swanson v.
11 Southern Oregon Credit Service, Inc.</u>, 869 F.2d 1222, 1225 (9th Cir. 1988).

## FACTUAL ALLEGATIONS

13 16.    Beginning no later than January of 2015 and continuing through approximately
14 October of 2015, Defendants called Plaintiff on his cellular telephone number, ending
15 in "0210", in an attempt to collect a debt.  Plaintiff received multiple calls from
16 VEROS, and has, at the time of filing this complaint, received more than five (5) debt
17 collection calls from Defendants.

18 17.    VEROS contacted Plaintiff in order to collect a consumer debt that he does not
19 owe. VEROS was attempting to collect a debt that Plaintiff's son's wife allegedly
20 owed.  There is no existing contractual agreement between VEROS and Plaintiff.

21 18.    Obviously, Plaintiff never provided Defendants, or any entity collecting on its
22 behalf, with his cellular phone number.   Plaintiff never gave Defendants prior express
23 consent to call him on his cellular telephone with the use of an autodialer and/or
24 prerecorded message, pursuant to 47 U.S.C. § 227 (b)(1)(A).

25 19.    On information and belief, VEROS likely obtained Plaintiff's cellular telephone
26 number by "skip tracing," which is the practice of locating missing contact
27 information using a third party company that has access to large consumer databases.
28 Plaintiff believes that VEROS has also contacted many other class members

concerning this alleged debt in a similar manner.

20. Notwithstanding the fact Plaintiff did not provide Defendants his cellular number at any time, Defendants, or its agents, have called Plaintiff on his cellular telephone via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) and/or by using "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227 (b)(1)(A). This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.

21. Moreover, the Defendants violated the FDCPA by contacting Plaintiff more than one time in order to collect upon a debt that Plaintiff did not owe, in violation of 15 U.S.C. § 1692b(3).

22. The telephone number Defendants and/or their agents called is assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

23. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

24. These telephone calls by Defendants and/or their agents violated 47 U.S.C. § 227(b)(1).

25. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendants to demonstrate that Plaintiff provided express consent within the meaning of the statute.

## Class Action Allegations

26. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the Class").

27. Plaintiff represents, and is a member of, the TCPA Class, version one, consisting of:

> **All persons within the United States who received any telephone call from Defendant or its agents to his or her cellular telephone through the use of any ATDS and/or with an artificial or pre-recorded voice,**

without their prior express consent, within the four years prior to the filing of the Complaint in this action whose phone number was obtained by skip tracing or through other third parties.

28.  Plaintiff represents, and is a member of, the TCPA Class, version two, consisting of:

**All persons within the United States who received any telephone call from Defendant or its agents to his or her cellular telephone through the use of any ATDS and/or with an artificial or pre-recorded voice, who maintained no contractual or business relationship with Defendants, within the four years prior to the filing of the Complaint in this action, and whose phone number was obtained by skip tracing or through other third parties.**

29.  Plaintiff represents, and is a member of, the FDCPA Class, consisting of:

**All persons within the United States who received any debt collection call from Defendants or their agents where the class member did not maintain a contractual relationship with or owe a debt to VEROS, within the year preceding the filing of this Complaint in this action.**

30.  Excluded from the Class are Defendants and any entities in which Defendants has a controlling interest, Defendants' agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death, and/or emotional distress.

31.  Plaintiff does not know the number of members in the Class, but believes the Class members number in the tens of thousands, if not more. Plaintiff believes Defendants engaged in a pattern and practice of attempting to reach debtors in the same manner they attempted to reach him.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of this matter.

32.  Plaintiff and members of the Class were harmed by the acts of Defendants in, but not limited to, the following ways: Defendants, either directly or through their agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an autodialer and/or with a prerecorded voice message, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid; by having to retrieve or administer messages left by Defendants during those illegal calls; and invading the privacy of said Plaintiff and the Class members.

Plaintiff and the Class members were damaged thereby.

33. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

34. The joinder of the Class members is impracticable and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified through Defendants' records or Defendants' agents' records.

35. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions that may affect individual Class members, including the following:

    a) Whether, within the four years prior to the filing of this Complaint, Defendants and/or their agents made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

    b) Whether Defendants can meet its burden of showing they obtained prior express consent (i.e., consent that is clearly and unmistakably stated), during the transaction that resulted in the debt owed, to make such calls;

    c) Whether Defendants' conduct was knowing and/or willful;

    d) Whether Defendants violated the FDCPA;

    e) Whether Defendants are liable for damages, and the extent of statutory damages for such violation; and

    f) Whether Defendants should be enjoined from engaging in such conduct

1 in the future.

2 36.   As a person that received numerous calls using an automatic telephone dialing system or an artificial or prerecorded voice, without his prior express consent, as non-debtor and stranger to the debt transaction, Plaintiff is asserting claims that are typical of the Class.  Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

37.   Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law would be allowed to proceed without remedy and Defendants would undoubtedly continue such illegal conduct.  Because of the size of the individual Class members' claims, few Class members could afford to seek legal redress for the wrongs complained of herein.

38.   Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act and the Fair Debt Collection Practices Act.

39.   A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to require Defendants to comply with federal debt collection laws.  The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for a violation of this statute are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

\\

\\

**Class Action Complaint for Damages**

# FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227.

42. As a result of Defendants' negligent violations of 47 U.S.C. § 227, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

43. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

44. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

# SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227.

47. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

48. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

49. Plaintiff and Class members are also entitled to an award of attorneys' fees and

costs.

### THIRD CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 ET SEQ.

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of: 15 U.S.C. § 1692b(3).

52. As a result of Defendant's actions, Plaintiff and the Class are entitled to an award of $1,000.00 in statutory damages per person. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

53. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendants:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF
### THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 (five-hundred dollars) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- An award of attorneys' fees and costs to counsel for Plaintiff and the Class.

- An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper

**Class Action Complaint for Damages**

- representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class.
- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 *ET SEQ.*

- As a result of Defendants' willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member treble damages, as provided by statute, up to $1,500.00 (one-thousand-five-hundred dollars) for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- An award of attorneys' fees and costs to counsel for Plaintiff and the Class.
- An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class.
- Any other relief the Court may deem just and proper.

### THIRD CAUSE OF ACTION FOR VIOLATIONS OF THE FDCPA

- As a result of Defendant's violations of the FDCPA, Plaintiff seeks for herself and each Class member $1,000 in statutory damages, as provided by statute.
- Injunctive relief prohibiting such conduct in the future.
- An award of attorneys' fees and costs to counsel for Plaintiff and the Class.
- An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms

**Class Action Complaint for Damages**

representing Plaintiff as counsel for the Class.

- Any other relief the Court may deem just and proper.

### TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all counts so triable.

Date: January 22, 2016         LAW OFFICES OF KIRA M. RUBEL

By:  /s/ Kira M. Rubel

Kira M. Rubel
555 West Beech Street, Suite 230
San Diego, CA 92101

Date: January 22, 2016         LAW OFFICES OF DAVID P. SCHAFER

By:  /s/ David Schafer

David P. Schafer
Brian J. Trenz
2139 N.W. Military HWY, Suite 200
San Antonio, TX 78213
*Attorneys for Plaintiff*